Case 1:14-cr-00067-SEB-KMB   Document 848   Filed 04/16/24   Page 1 of 4 PageID #: 4923

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>GERARDO BALTIERRA | )<br>)<br>)<br>) Case No: 1:14-cr-00067-SEB-KMB-3<br>) USM No: 12273-028 |
| Date of Original Judgment: 02/19/2016<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | )<br>)<br>) Defendant's Attorney |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated  02/19/2016  shall remain in effect.
**IT IS SO ORDERED**.

Order Date:  4/16/2024

*signature: Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Effective Date: _____
*(if different from order date)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00067-SEB-KMB |
| | ) | |
| GERARDO BALTIERRA, | ) -03 | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Pending before the Court is Petitioner Gerardo Baltierra's Motion to Reduce Sentence filed pursuant to USSG Amendment 821 [Dkts. 833 & 846].  The Government has filed its response in opposition to the motion.

Being duly advised, the Court hereby **DENIES** the motion, finding Petitioner ineligible for a reduced sentence based on this amendment to the Sentencing Guidelines for the reason that applying the Amendment would not result in a reduction of Petitioner's original guideline range. USSG § 1B1.10.

Pursuant to the holding in Dillon v. U.S., 560 U.S. 817, 824 (2010) and the requirements set out in the applicable statutes (ie, 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines (§§ 4A1.1(a) and (e)),  the changes effectuated by Amendment 821 to the Guidelines do not apply to Petitioner because his original guideline range would not be reduced, thus making him ineligible for a reduced sentence.  To qualify for relief under § 3582(c)(2), a petitioner's sentencing range must be lowered by the Amendment.

Part A of Amendment 821 alters the status points provision regarding the criminal history (USSG § 4A1.1(e)) directing the addition of I point (rather than 2 under the original guidelines

formulation), if the defendant received 7 criminal history points and committed the office while under criminal justice sentence as specified. A person who had six criminal history points or fewer receives no status points.

Part B of Amendment 821 allows for a 2-level reduction for (many) offenders who had zero criminal history points. There are several exceptions to eligibility for this reduction. He must meet all of § 4C1.1's criteria for eligibility, one of which requires that he not be found to have possessed received, purchased, transported, transferred, sold or otherwise disposed of a firearm in connection with the offense. § 4C1.1(a)(7).

The zero-point-offender rule does not apply to Petitioner Baltierra pursuant to § 4C1.1. He received a substantial downward variance from the applicable guideline range when initially sentenced, having received a term of 188 months, which was the bottom of the guideline range of 188 to 235 months. The Seventh Circuit prohibits reductions in a term of imprisonment under § 3582(c)(2) that is less than the minimum of an amended guideline range. United States v. Davis, 669 F. App'x 785, 787 (citing USSG § 1B1.1(b)(2)(A)). In addition, because he received an upward adjustment to his guidelines computation reflecting his enhanced role as a manager/supervisor of the conspiracy, he is barred from relief under § 4C1.1(a)(10) which prevents a reduction in his sentence because he fails to satisfy all the criteria for such relief under Amendment 821. His motion must therefore be denied.

**IT IS SO ORDERED.**

Date:  4/16/2024

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

<u>Distribution:</u>

Counsel of Record via CM/ECF

U.S. Probation Office

Gerardo Baltierra #12273-028
USP Atlana
P.O. Box 150160
Atlanta, GA 30315